In the Matter of the Judicial Settlement of the Account of the Proceedings of JOHN VON GLAHN, as Temporary Administrator, etc., of AGNES LIVINGSTONE JONES, Deceased.

CATHERINE E. PIERCE, as General Guardian of CHARLES LIVINGSTONE JONES, Appellant; JOHN VON GLAHN, as Temporary Administrator, etc., of AGNES LIVINGSTONE JONES, Deceased, Respondent.

Laches — leave to file additional objections to the account of a temporary administrator, denied.

A surrogate may, in his discretion, refuse to permit additional objections to be filed on behalf of an infant legatee, to the account of the temporary administrator of a decedent, where the application is not made until nearly nine years

after the account was filed and four years after the executor of the decedent has filed his account, setting forth in detail the account of the temporary administrator, especially where the objections sought to be set up are similar to those overruled by the surrogate upon the executor's accounting.

APPEAL by Catherine E. Pierce, as general guardian of Charles Livingstone Jones, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 24th day of April, 1900, denying her application for leave to file objections to the account of John Von Glahn, as temporary administrator, etc., of Agnes Livingstone Jones, deceased, and to require the said temporary administrator to settle such account.

Agnes Livingstone Jones died on the 8th day of July, 1889, leaving a last will and testament which, upon being offered for probate, was contested; and, pending such contest, on December 30, 1889, John Von Glahn was appointed temporary administrator. The will was admitted to probate on September 16, 1890, and letters testamentary were immediately issued to the executor named, Addison D. O'Neil. The temporary administrator filed his account October 15, 1890, and therein stated the facts of his administration and referred to certain real property belonging to the estate, showing why he had been unable to collect rents therefrom. On January 1, 1895, the executor's account was filed, which set forth in detail the account of the temporary administrator.

Thereupon Catherine E. Pierce, who had been appointed general guardian of Charles Livingstone Jones, son of the deceased and legatee under the will, filed objections to the executor's account, which objections, among other things, related to the rent of the real property not collected by the temporary administrator. The issues thus arising were given to a referee to hear and determine, who, on January 2, 1897, filed his report, dated September 30, 1896, in which he overruled the same objections made to the executor's account, which are here again sought to be urged against the administrator. The referee's report was confirmed and a decree entered October 12, 1899.

Having failed before the referee as against the executor, the general guardian, on September 6, 1899, petitioned for a citation to issue to the temporary administrator to attend a judicial settlement of his account, filed October 15, 1890, which citation was issued and

served on September 8, 1899.   On January 24, 1900, motion was
made by the general guardian for leave to file objections to the tem-
porary administrator's account.   On March 1, 1900, the administra-
tor answered the petition, setting up the previous proceedings before
the referee as a bar and interposing the Statute of Limitations.

The surrogate denied the application for leave to file objections to
the account and to require the temporary administrator to settle the
same on the ground that the Statute of Limitations is a bar, and,
from the order thus entered, the general guardian appeals.

*T. M. Tyng*, for the appellant.

*Charles E. Thorne*, for the respondent.

O'BRIEN, J.:

It is not disputed that the account of the temporary administrator
was filed on October 15, 1890, and that it was not until September
6, 1899, nearly nine years after such account was filed, that the
appellant presented her petition praying that a citation issue to the
temporary administrator to attend a judicial settlement of his account.
To obtain, however, the object sought upon such settlement, namely,
to charge the administrator with *devastavit* in connection with the
collection of the rents of certain real estate, the appellant moved
for leave to file and serve objections similar to those which had been
filed upon the accounting by the executor, which leave the surro-
gate refused because of the time that had elapsed since the right to
obtain such relief had accrued.

It is undisputed that the executor, in 1895, included in his account
that of this temporary administrator, and that objections similar to
those now sought to be interposed here were then presented ; and it
was only after the termination of the executor's accounting that this
application to file objections to the account of the administrator was
made.   Although the period which has elapsed might, by permit-
ting the Statute of Limitations to run, preclude an adult from assert-
ing such a right at this late day, this would not apply to an infant ;
and were there no other consideration in the case than the conten-
tion that the Statute of Limitations is a bar, the application should
have been granted.

We think, however, that where, as here, it appears that after an

account has been filed for several years, and more than four years have elapsed since it has been brought home to the parties interested, it is entirely within the power, right and discretion of the surrogate to refuse to permit at such a late date the filing of additional exceptions and objections to the account. Where the opportunity is given to file objections to an account, and the person allows it to pass without taking advantage of it, and the time when, as matter of right, objections could be filed has passed, it is entirely within the discretion of the surrogate, on the ground of *laches* or delay, to refuse permission to file additional objections.

Upon the ground, therefore, that it was within the province of the surrogate to grant or refuse the leave sought, the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with costs.